IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ADAM ROSS,
        Plaintiff,                              CASE NO. 1:18-cv-01258-WTL-TAB

v.

BALL STATE UNIVERSITY,
        Defendant.

## CASE MANAGEMENT PLAN

**I.**     **Parties and Representatives**

A.     Plaintiff:                           Adam Ross

                                                Plaintiff's Counsel:
                                                Brett Errol Osborne HOCKER &
                                                ASSOCIATES LLC
                                                6626 E. 75th St.
                                                Suite 410
                                                Indianapolis, IN 46250

B.     Defendants:                        Ball State University Board of Trustees

        Defendants' Counsel:           Scott E. Shockley #2153-18
                                                Maura J. Hoff #25475-49
                                                Matthew L. Kelsey #29313-49
                                                Lester H. Cohen #14214-49
                                                DEFUR VORAN LLP
                                                400 South Walnut Street, Suite 200
                                                Muncie, IN 47305
                                                Telephone:  (765) 216-0180
                                                Facsimile:   (765) 288-7068
                                                E-Mail:    sshockley@defur.com
                                                E-Mail:    mhoff@defur.com
                                                E-mail:    mkelsey@defur.com
                                                E-mail:    lhcohen15@gmail.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. Jurisdiction: This is an action brought pursuant to the Educational Amendments of 1972, 20 U.S.C. Sec. 1681 *et seq.* as well as pendent state law claims. This court has original jurisdiction over a federal question, 28 U.S.C. Sec. 1331.

B. Plaintiffs' Synopsis: In September 2015, Plaintiff, Adam Ross, was invited by Jane Doe to her on-campus (Ball State University) room. While in the room, with Jane Doe and her roommate, neither of which were intoxicated, Mr. Ross, while intoxicated, went to sleep in Jane Doe's bed. Shortly thereafter, Jane Doe got into bed with Mr. Ross, and the two engaged in sexual activity, initially described as consensual, while intoxicated, by Mr. Ross and as sexual assault by Jane Doe.

On November 13, 2015, Mr. Ross was advised of Ball State University's Title IX investigation of the events of September 2015, with Jane Doe being the Complainant and Mr. Ross being the Respondent. Thereafter an investigation and hearing were conducted by Ball State University and, after being sanctioned, an appeal was taken by Mr. Ross, which was denied on April 25. 2016.

On May 6, 2016, after the prior Title IX process concluded, Mr. Ross filed a Complaint against Jane Doe for the same events based on his assertion that he was too intoxicated to consent, and Jane Doe's withholding information from the prior Title IX investigation. On September 18, 2016 the Title IX Coordinator determined that there was insufficient information to warrant Mr. Ross' complaint or further investigation and closed the matter.

Mr. Ross contends that during the course of the investigations, his rights were violated, under state and federal law, including violations of Title IX of the Education Amendments of 1972, negligence, and breach of contract. As a result, in addition to emotional distress, he was required to attend a University in another State at considerably more cost and expense.

C. Defendants' Synopsis: In October, 2015, officials of Ball State University received a report of an alleged sexual assault reported by a female student, MK. The female student reported that Mr. Ross, who had been drinking, had been offered a place

to sleep on the floor in the room MK shared with her roommate. During the night, MK reported that the Mr. Ross forcibly removed her clothes and sexually assaulted her.

In November, 2015, the University's Title IX investigation team commenced an investigation and interviewed MK and Mr. Ross. Ball State maintains a policy in its Student Code that forbids sexual assault and provides for the investigation of such complaints and, where warranted, an internal disciplinary hearing into such matters. Mr. Ross was subsequently charged in March, 2016 with a violation of the policy, and a hearing was held on March 30, 2016 pursuant to the policy and the charge. Mr. Ross was found responsible at the hearing, and a sanction of a two year suspension was imposed. Mr. Ross appealed the finding, but his appeal was denied.

The University maintains that Ball State's internal Title IX policies regarding matters of campus sexual assault are appropriate and in compliance with governing law. Moreover, the University maintains those policies were properly applied in this case. The University denies that any rights of the Plaintiff under state or federal law were violated.

**III.    Pretrial Pleadings and Disclosures**

A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before August 27, 2018.

B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before September 4, 2018.

C.    Defendant(s) shall file preliminary witness and exhibit lists on or before September 11, 2018.

D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before September 27, 2018.

E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before September 27, 2018.    Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto by October 26, 2018.

F.    Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 25, 2019. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff(s) serves its expert witness disclosure; or if none, Defendant(s) shall make its expert disclosure on or before May 28, 2019.

G.   If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 60 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 120 days before trial.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I.   All parties shall file and serve their final witness and exhibit lists on or before June 25, 2019.

J.   Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.   The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party.  The parties will address any issues related to preservation or cost sharing as they arise during discovery.  The parties have agreed that documents will be produced without metadata, unless specifically requested by either party.  The parties have also agreed that, to the extent any electronic documents containing privileged information are produced inadvertently, the default provisions of Rule 26(b)(5) shall apply.

   At this time, the ESI the parties believe will require discovery include content of mobile phones or similar devices and electronically stored records of Ball State University, such as pertinent emails of persons involved in the case. It is not anticipated that the volume of ESI will be great.

### IV.   Discovery and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this

case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Ball State anticipates the possibility of filing dispositive motions at this time. The facts as known to Ball State indicate that the process to which Mr. Ross was entitled under governing law was followed and appropriate in this case. He was afforded notice of the complaint and participated in the investigation; he was afforded Notice of the Charge and participated in the hearing; he had a right to an internal appeal and exercised that right. These facts, and the subordinate detail, Ball State believes are dispositive of any Title IX claim.

B. On or before _____, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), Plaintiff shall file a statement of the claims he intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.

\_\_X\_\_ Track 2: Dispositive motions are expected and shall be filed by April 25, 2019**;** non-expert witness discovery and discovery relating to liability issues shall be completed by February 25, 2019**;** expert witness discovery and discovery relating to damages shall be completed by July 25, 2019.

_____ Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 11 months from Anchor Date]; expert witness discovery that may be necessary at the dispositive motions stage shall be completed by [no later than 7-10 months from Anchor Date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date]. [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

_____ Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the

parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.      Pre-Trial/Settlement Conferences**

There is currently scheduled an initial pre-trial conference on **August 16, 2018** at **9:30 a.m**.  The parties and the Court will confer at the initial pre-trial concerning a suitable date for any settlement conference.

**VI.     Trial Date**

The parties request a trial date in December, 2019
The trial is by jury and is anticipated to take three (3) to (4) days.

**VII.    Referral to Magistrate Judge**

The parties have not currently filed consents for referral to the Magistrate Judge..

**VIII. Required Pre-Trial Preparation**

   **A.     TWO WEEKS BEFORE  THE FINAL PRETRIAL CONFERENCE, the parties shall:**

   1.   File a list of trial witnesses, by name, who are expected to be called to testify at trial. This list may not include any witness not on a party's final witness list filed pursuant to Section III.

   2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

   3.   Submit all stipulations of facts in writing to the Court.  Stipulations  are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

    4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

        a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.    ONE WEEK BEFORE  THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1.    Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped

    depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.** **Other Matters.** None at this time.

Respectfully Submitted this 8th day of August, 2017.

      Brett Errol Osborne
      HOCKER & ASSOCIATES LLC
      6626 E. 75th St.
      Suite 410
      Indianapolis, IN 46250
      Telephone: (317) 578-1630
      Facsimile: (866) 626-4914
      E-mail:  bosborne@hockerlaw.com

      Scott E. Shockley #2153-18
      Maura J. Hoff #25475-49
      Matthew L. Kelsey #29313-49
      Lester H. Cohen #14214-49
      DEFUR VORAN LLP
      400 South Walnut Street, Suite 200
      Muncie, IN 47305
      Telephone:  (765) 216-0180
      Facsimile:   (765) 288-7068
      E-Mail: sshockley@defur.com
      E-Mail: mhoff@defur.com
      E-mail: mkelsey@defur.com
      E-mail: lhcohen15@gmail.com

| | |
|---|---|
|    X    | PARTIES APPEARED BY COUNSEL ON AUGUST 16, 2018, FOR AN INITIAL PRETRIAL CONFERENCE. |
| _____ | APPROVED AS SUBMITTED. |
|    X    | APPROVED AS AMENDED. |
| _____ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| _____ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____. |
|    X    | A STATUS CONFERENCE IS SET IN REGARDS TO SETTLEMENT FOR DECEMBER 19, 2018, AT 10:30 A.M. COUNSEL SHALL APPEAR: |
| |    _____ IN PERSON IN ROOM _____; OR |
| |    X    BY TELEPHONE. THE INFORMATION NEEDED BY COUNSEL OF RECORD TO PARTICIPATE IN THIS TELEPHONIC CONFERENCE WILL BE PROVIDED BY SEPARATE NOTIFICATION. |
|    X    | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN APRIL 25, 2019. |
|    X    | DISCOVERY SHALL BE COMPLETED BY FEBRUARY 25, 2019. |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Date:  8/21/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email